UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEREKE A. SILVERS | ) | |
| | ) | |
| v. | ) | 1:09-cv-134/1:02-cr-43 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM

Derek A. Silvers ("Silvers"), has filed a motion for post-conviction relief under 28 U.S.C. § 2255 (Criminal Court File No. 54).[1] Silvers' supervised release was revoked and he was sentenced to twenty-four months confinement with a recommendation from the Court that he receive 500 hours of substance abuse treatment from the Bureau of Prisons' ("BOP") Institutional Residential Drug Abuse Treatment Program. Silvers contends counsel was ineffective for failing to object to the 24 months sentence—a sentence outside his guideline range—and for failing to file an appeal. In addition, Silvers complains the Court failed to advise him of his right to appeal his revocation and sentence and the BOP failed to enroll him in the 500-hour residential substance abuse program.

Having reviewed the materials thus submitted, together with the complete record of the underlying revocation, the Court finds they show conclusively defendant is not entitled to relief on the claims asserted. 28 U.S.C. § 2255; *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. The Court will decide the matter without an evidentiary hearing, explaining the reasons for denial of an evidentiary hearing and post-conviction relief as Silvers' asserted grounds for relief are addressed. *See United States v. Todaro*, 982 F.2d

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993).  Accordingly, for the following reasons, the Court will **DENY** Silvers' motion (Criminal Court File No. 54).

**I.     Non-Dispositive Motions**

There are several non-dispositive motions pending before this Court—some submitted by Silvers prior to filing his § 2255 motion and others filed after the submission of his § 2255 motion. Prior to filing his § 2255 motion, Silvers filed a letter—entitled a *Nunc Pro Tunc* motion by the docketing clerk (Criminal Court File No. 50)—which, in effect, requests the Court to reduce his sentence since the Bureau of Prisons ("BOP") is not abiding by the Court's recommendation of placing him in the 500-hour residential drug program.

A court's power to modify a judgment imposing a sentence is strictly limited.  Federal Rule of Criminal Procedure 35(a) permits correction of technical errors in a sentence, but only if the court acts within seven days from the entry of judgment.  Federal Rule of Criminal Procedure 36, which contains no time limit, only permits correction of clerical mistakes in judgments.  The only statute that authorizes a federal judge to modify a sentence because of a change of circumstance, i.e., 18 U.S.C. § 3582(c), is inapplicable here.  Furthermore, any complaint about the manner of execution of a sentence by the BOP must be exhausted through the BOP's administrative remedy procedure, *see* 28 C.F.R. §§ 542.10 *et. seq*., and then addressed by way of a § 2241 motion, *see Cohen v. United States,* 593 F.2d 766, 770 (6th Cir. 1979).  Accordingly, this motion will be **DENIED** (Criminal Court File No. 50).

Silvers also filed a motion requesting to proceed *in forma pauperis* prior to filing his § 2255 (Criminal Court File No. 52).  In this motion, Silvers requests a free copy of the revocation hearing transcript.  Federal prisoners do not have a right under either the United States Constitution or 28

U.S.C.§ 753(f) to obtain transcripts at government expense to assist them in preparing § 2255 motions to be filed in the future.

There is no right to a transcript until after a nonfrivolous § 2255 motion is filed. A transcript may be furnished to a federal prisoner at government expense under 28 U.S.C. § 753(f), but only after the § 2255 motion has been filed and the Court determines a transcript is necessary to decide a nonfrivolous issue raised in the § 2255 motion. *United States v. MacCollom*, 426 U.S. 317 (1976); *Corrigan v. Thoms*, 55 Fed.Appx. 754 (6th Cir. Feb. 12, 2003) *available at* 2003 WL 343247; *United States v. Alcorn*, 10 Fed.Appx. 248 (6th Cir. 2001), *available in* 2001 WL 278693; *United States v. Cook*, 3 Fed. Appx. 449 (6th Cir. 2001), *available in* 2001 WL 128428; *United States v. Fullerton*, 238 F.3d 424 (6th Cir. Dec. 19, 2000), *available in* 2000 WL 1888567; *United States v. Horvath*, 157 F.3d 131 (2nd Cir. 1998); *United States v. Akrawi*, 98 F.3d 1342 (6th Cir. Oct. 9, 1996), *available in* 1996 WL 583369; *Chapman v. United States*, 55 F.3d 390 (8th Cir. 1995); *United States v. Losing*, 601 F.2d 351, 352 (8th Cir. 1979); *Bentley v. United States*, 431 F.2d 250, 254 (6th Cir. 1970); *United States v. Bumpus*, 125 F. Supp.2d 190 (S.D.W.Va. 2001); *United States v. Groce*, 838 F. Supp. 411, 414-16 (E.D. Wis. 1993).

The Court was not required to provide federal prisoner Silvers with a transcript of the revocation proceedings at public expense prior to his filing a 28 U.S.C. § 2255. *See United States v. Wilson*, 49 Fed. Appx. 612 (6th Cir. Nov. 1, 2002), *available at* 2002 WL 343247)); *Bullard v.United States*, 2005 WL 1074374, *5 (E.D. Tenn. May 4, 2005). Accordingly, the motion will be **DENIED** (Criminal Court File No. 52).

After filing his § 2255 motion but before the government filed a response, Silvers filed a motion requesting a copy of the transcript of his revocation hearing at the government's expense

3

contending he is entitled to a copy of the transcript because the government has a copy (Criminal Court File No. 66).[2]  Although Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Courts provides for some discovery, it does so only if good cause is shown. Silvers must make a sufficient showing that he is entitled to this discovery.  There is not a general constitutional right to discovery in criminal cases.  *United States v. Okai*, 97 F.3d 1453 (6th Cir., Sept. 25, 1996) *available at*, 1996 WL 549804 (citing *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)).  Silvers has failed to allege any facts showing good cause for discovery.  *Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980).  Silvers does not need the transcript to assist him in filing his reply to the government's response as he has already filed his reply to the government's response.  Moreover, it appears the transcript only sheds light on Silvers' claim that the Court did not advise him of his right to appeal; a claim the government concedes is correct.  Thus, Silvers has failed to allege with sufficient specificity, as he is required to do, any facts to warrant or show good cause for the court to grant his discovery request.  Silvers' motion requesting to be provided a copy of the transcript pertaining to his federal criminal court revocation hearing, does not include an explanation of what he hopes to find or how the transcript will help him prosecute his § 2255 motion.  Rule 6(a)and (b) of the Rules Governing Section 2255 Proceedings for the United States District Court provides in pertinent part as follows:

> **(a) Leave of court required.**  A judge may, for *good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . .

---

[2] The government purchased a copy of the revocation hearing transcript.

**(b) Requesting Discovery.** A party requesting discovery *must* provide reasons for the request.

(Emphasis added).

Silvers has failed to provide any information to constitute the "good cause" necessary to warrant discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. In the absence of some valid reason or showing of justifiable need, the Court will not order the expenditure of public funds to provide the defendant with discovery. Moreover, Silvers has not raised a nonfrivolous issue. The motion for discovery will be **DENIED** (Criminal Court File No. 66).

In his next motion, Silvers requests permission to amend his reply to the government's response with several cases; some of which he has failed to properly cite and one of which is a state case (Criminal Court File No. 68). Not only has he failed to properly cite most of the cases, Silvers has failed to explain how they apply to his case. Moreover, the only cases this Court is bound to follow are United State Supreme Court cases and cases from the Court of Appeals for the Sixth Circuit. Nevertheless, the Court will **GRANT** Silvers' motion to amend (Criminal Court File No. 68).

Finally, Silvers filed a motion for an expedited ruling asserting a ruling in his favor would mean his immediate release (Criminal Court File No. 69). The motion will be **DENIED as MOOT** (Court File No. 69).

**II.        28 U.S.C. § 2255 - Standard of Review**

This Court must vacate and set aside the sentence if it finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of

the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. Under Rule 4 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

To warrant relief under 28 U.S.C. § 2255 due to constitutional error, the error must be of constitutional magnitude and have had a substantial and injurious effect or influence on the proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief due to an error not of constitutional magnitude, there must be a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of due process. *Reed*, 512 U.S. at 354; *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

"It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)). A defendant must show a "fundamental defect" in the proceedings which necessarily results in a complete miscarriage

of justice or an egregious error which violates due process in order to prevail under 28 U.S.C. § 2255. *Fair*, 157 F.3d at 430; *see also Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).

## III. Background

To place the revocation of Silvers' supervised release in proper perspective, it is necessary to explain the history of Silvers' conviction. Silvers was sentenced, on September 20, 2002, to sixty-four months of imprisonment followed by five years of supervised release with the special condition requiring him to submit to substance abuse testing and/or treatment. Silvers was released to supervised released on June 19, 2007, but began violating his conditions of supervised in July 2007. On November 1, 2007, Silvers' supervised release was revoked based on his failure to notify the probation officer prior to changing his residence/employment, possession and use of cocaine, and failing to participate in a substance abuse treatment program. Silvers was sentenced to six months of imprisonment, followed by fifty months of supervised release with the following special conditions: 1) six months placement at Midway Rehabilitation Center, and 2) substance treatment—outpatient and/or inpatient.

Silvers reported to Midway Rehabilitation Center in Knoxville, Tennessee, on April 22, 2008, after serving six months imprisonment for the revocation of his original term of supervised release. On August 6, 2008, Silvers's probation officer filed a petition for a warrant or summons for offender under supervision on the following grounds: (1) On July 23, 2008, Silvers was dismissed from Midway because he was unaccountable. Silvers was already on a Behavior Contract for unauthorized use of alcohol and smoking where prohibited. (2) According to reports from Midway, on May 26, 2008, at approximately 9:00 p.m., an officer requested a random alcohol sensor from Mr. Silvers, which resulted in a positive reading of .041 blood alcohol content, and increased

7

to .044 when he was tested again approximately 15 minutes later. (3) On July 20, 2008, Silvers signed out for church at 6:15 p.m. but it was later confirmed there was no church service on that evening at the church he claimed he attended. (4) On July 24, 2008, when Silvers reported to the Chattanooga Probation Office, he admitted he met and spent time with an unidentified female friend rather than going to church on July 20, 2008. In addition, he admitted he consumed alcohol during his first pass from the center, and subsequent to his discharge from Midway, he took a hydrocodone tablet for
which he did not have a valid prescription. All of this occurred only three months after his release from a previous revocation sentence.

At is revocation hearing on October 9, 2008, Silvers admitted the violations (Court File No. 57). Having determined Silvers violated the conditions of supervised release, the Court revoked Silvers's supervision and sentenced him to the custody of the Bureau of Prisons ("BOP") to be imprisoned for a term of 24 months, with no supervised release upon the completion of the 24 months (Court File No. 57, pp. 9-10; No. 48). The Court recommended Silvers receive the 500-hour drug abuse program.

**IV.     Analysis**

    **A.     Ineffective Assistance of Counsel**

Silvers claims counsel was ineffective for failing to object to the upward departure of his sentence from the revocation guideline range and failing to file an appeal. According to Silvers, counsel should have objected to the 24 month sentence because it was outside of his revocation four to ten month guideline range and his violation was not the result of drug use. In addition, Silvers claims counsel was ineffective for failing to request a reduction of sentence should the BOP be

8

unable to accommodate him in the 500-hour residential drug treatment program. In addition, Silvers claims counsel should have filed an appeal on the same grounds (Criminal Court File No. 54).

### 1. *Applicable Law*

In order to demonstrate ineffective assistance of counsel, Silvers must show his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases in addition to a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish his attorney was not performing within the range of competence demanded of attorneys in criminal cases, a defendant must demonstrate the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *McMann v. Richardson*, 397 U.S. 759, 771 (1970). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975 (1993); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027 (1996). There is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Sims v. Livesay*, 970 F.2d 1575, 1579-80 (6th Cir. 1992).

The Court cannot indulge in hindsight but must instead evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 690; *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Effective assistance of counsel is presumed, and the Court will not generally question matters involving trial strategy. *See U.S. v. Chambers*, 944 F.2d 1253, 1272 (6th Cir.

1991), *cert. denied*, 502 U.S. 1112 (1992). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998) (quoting *Strickland*, 466 U.S. at 690).

To establish the prejudice prong, a petitioner must show absent his attorney's errors, the result of his trial would have been different. *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991). The Court must make an independent judicial evaluation of counsel's performance and determine whether counsel acted reasonably under all the circumstances. *McQueen*, 99 F.3d at 1311; *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994); *Ward v. United States*, 995 F.2d 1317, 1321-22 (6th Cir. 1993); *Sims*, 970 F.2d at 1580-81. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West*, 73 F.3d at 84 (quoting *Strickland*, 466 U.S. at 691 (further citation omitted)).

### 2. Revocation Hearing

Silvers contends counsel was ineffective for failing to object to the 24-month sentence and failing to request a reduction of sentence should the BOP be unable to accommodate him in the 500-hour residential drug treatment program. Initially the Court observes, during his revocation hearing, Silvers admitted the violations and asked the Court to go above his guideline range because he wanted to enroll in the BOP's 500-hour substance abuse program. Silvers specifically told the Court he would like to throw himself at the mercy of the court and hoped the court "does find it in their [sic] heart to go outside my guideline range, to - - I'll take the 500-hour program." (Court File No. 57). Now, however, he claims counsel was ineffective for failing to argue against the twenty-four

month sentence and for failing to ask for a sentence in the guideline range if the BOP could not accommodate him in the 500-hour substance abuse program [Court File No. 57].

The policy statement of Chapter 7 of the United States Sentencing Guidelines ("USSG") reflected a revocation range of four to ten months. The statutory maximum term of imprisonment to which Silvers could have been sentenced upon revocation was fifty-four months. For the reasons explained below, the Court concluded twenty-four months was a reasonable and appropriate sentence under the circumstances of Silvers' case.

The policy statements of Chapter 7 are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West*, 59 F.3d 32, 33-34 (6th Cir. 1995) ("This Court has consistently held that the policy statements in Chapter 7 are merely advisory and that a court only need to consider them in rendering a decision for sentence"). In considering the policy statements of USSG § 7B1.4, which reflected a sentence between four and ten months for Silvers' conduct which violated his supervised release, this Court took into consideration Silvers' inability or unwillingness to abide the terms and conditions of his supervised release as well as his and his counsel's agreement to the twenty-four month sentence to permit him to attend a 500-hour drug treatment program and Silvers' belief that he would benefit from the program, as well as other factors.

Although the Court did not engage in an item-by-item discussion of the sentencing factors set forth in § 3553(a) during the revocation hearing, it did consider the sentencing factors and the four to ten month guideline range before concluding a twenty-four month sentence was reasonable and appropriate in Silvers' case. The Court specifically considered the following factors before determining a sentence within the suggested four to ten month range was inappropriate: (1) Silver's

11

grade A violation which was admitted by him; (2) his past violations of supervised release—especially the fact Silvers had recently been released from incarceration for a previous revocation and within three months he violated his supervised release, i.e., the special condition which required him to attend the Midway Rehabilitation Center for six months; (3) his discharge from the Midway program because of his voluntary actions; (4) his admission to taking a hydrocodone pill, which was not prescribed to him, upon discharge from the Midway program; (5) his evident inability or unwillingness to abide the terms and conditions of his supervised release; and (5) his need for drug treatment.

The two most important factors considered by the Court in reaching its conclusion that a sentence of more than four to ten months was necessary to comply with the purpose of 18 U.S.C. § 3553, was the fact Silvers had violated supervised release within three months of being released from prison for a previous revocation and the fact he had been dismissed from the Midway program because he was unaccountable. Silvers had accumulated several infractions at Midway, including unauthorized use of alcohol, smoking where prohibited, and signing out to attend church but instead spending time with a female friend. These actions demonstrated a lack of respect for the terms and conditions of his supervised release and an inability or unwillingness to comply. As permitted under § 3553(a)(2)(D), the Court also determined twenty-four months was an appropriate sentence to enable Silvers to obtain a 500-hour substance abuse program. "[A] district court may properly consider a defendant's rehabilitative needs in setting the length of imprisonment within the range prescribed by statute." *United States v. Jackson*, 70 F.3d 874, 880 (6th Cir. 1995). Pursuant to Title 18 U.S.C. § 3583(e)(3) the Court had the authority to sentence Silvers up to the statutory maximum of fifty-four months imprisonment which necessarily means it had the authority to sentence him to

twenty-four months.

Therefore, the Court considered defense counsel and Silvers' statements in addition to the Policy statements in Chapter 7 of the USSG and the relevant factors in 18 U.S.C. § 3553 when determining Silvers' sentence should be 24 months. After considering the policy statements of Chapter 7 and factors identified in 18 U.S.C. § 3553, the Court determined Silvers should be sentenced to twenty-four months based on his history of failure on supervised release, to promote respect for the law and punishment for the offense; to protect the public from further crimes of Silvers; and to provide Silvers with needed correctional treatment because Silvers and his counsel stated they believed he would benefit from the 500-hour program, and with which the Court agreed.

Consequently, even if counsel had requested a lesser sentence or a reduced sentence if a 500-hour drug abuse program was not available to Silvers, such request would not have been granted. Therefore, even assuming for the sake of discussion counsel was ineffective for failing to argue against the twenty-four month term of imprisonment, Silvers cannot carry his burden of demonstrating prejudice as a result of counsel's performance. Accordingly, Silvers has failed to demonstrate counsel provided ineffective representation and, moreover, he has failed to show prejudice. Silvers is not entitled to any relief under 28 U.S.C. § 2255.

### 3. On Appeal

Silvers alleges counsel was ineffective for failing to file an appeal. In his original § 2255 motion Silvers did not claim he had instructed counsel to file an appeal, but rather, simply argued counsel should have filed an appeal (Criminal Court File No. 54). In his supplement, however, he asserts he asked his attorney to file an appeal (Criminal Court File No. 59). Counsel admits Silver asked her to file an appeal; however, according to counsel's affidavit (Criminal Court File No. 65-2),

13

such request was not made until after the ten-day notice of appeal period had already expired. Therefore, it is uncontested Silvers asked counsel to file an appeal; likewise, it is uncontested such request was made after the expiration of the deadline for filing an appeal.[3]

The law in the Sixth Circuit is that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment. *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). "[A] defendant's actual 'request' is still a critical element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig v. United States*, 162 F.3d at 459.

In the instant case, however, the proof before the Court reflects the only time Silvers requested counsel to file an appeal was after the expiration of the deadline for filing an appeal. Accordingly, since Silvers request to file an appeal was untimely, this is not a case where counsel was *per se* ineffective. Indeed, Silvers was satisfied with the sentence he received until approximately January 14, 2009, when he received notice encouraging him to attend the non-residential out-patient drug treatment services at FCI Bennettsville because the BOP was unable to transfer him to an institution with a residential drug abuse program [Court File No. 59].[4] Thus,

---

[3] Silvers has not refuted counsel's assertion he asked her to file an appeal after the expiration of the deadline for filing an appeal. The record before the Court reflects Silvers' supervised release was revoked on October 9, 2008, and Silvers submitted an inquiry to the BOP about attending the 500-hour program on or about January 13, 2009.

[4] Silvers provided the Court with documentation demonstrating he completed the non-residential Drug Education Program offered at FCI Bennettsville (Criminal Court File No. 50-3, pp. 3-4). The Court commends Silvers on his completion of the non-residential Drug Education Program offered at FCI Bennettsville and his final exam score of 100%. Although the Court hopes Silvers continues to take advantage of the available programs, the Court has no jurisdiction under § 2255 to modify a lawful sentence based upon Silvers good behavior or BOP's failure to enroll him

because Silvers has not demonstrated he instructed counsel to file an appeal before the expiration of the date for filing an appeal, he has not demonstrated counsel was ineffective. Accordingly, no relief is warranted on Silvers' claim for ineffective assistance of counsel on appeal.

### B. Court's Failure to Advise of Right to Appeal

Petitioner also claims he is entitled to § 2255 relief because the Court failed to advise him of his right to appeal. While it is undisputed the Court did not advise him of his right to appeal, Petitioner is mistaken in his belief the Court was required to advise him of his right to appeal. *See United States v. Allgood*, 48 F.Supp.2d 554, 560 (E.D. Va. 1999) ("There is simply no requirement, constitutional or otherwise, that a court inform a defendant that he has a right to appeal the outcome of a probation revocation hearing."). Although the Court's research did not reveal a Sixth Circuit case on point, it did find a recent unpublished case making reference to the fact supervised-release violation hearings are less formal than criminal prosecutions. *United States v. Williams,* 321 Fed.Appx.486, 489 (6th Cir. 2009), *available at* 2009 WL 1051403, *3.

In addition, Rule 32.1 of the Federal Rules of Criminal Procedure provides the procedural rules governing revocation of probation, and there is no provision requiring a court to notify a defendant of a right to appeal. Nevertheless, the Court observes Silvers does not claim he was unaware he had a right to appeal, rather, he simply claims the Court failed to advise him of his right to appeal. Indeed, once Silvers realized he would not be able to attend the 500-hour program, during January of 2009,[5] he asked counsel to file an appeal. Moreover, Silvers has not identified a viable

---

in the 500-hour program.

    [5] Silvers filed an Exhibit dated January 2009 wherein he was inquiring about attending the 500-hour program (Criminal Court File No. 59).

legal ground on which he could have appealed. Thus, even if the Court was required to advise him of his right to appeal, the failure of the Court to do so in this situation is harmless. *See Peguero v. United States*, 526 U.S. 23 (1999) (district court's failure to advise defendant of right to appeal sentence did not entitle him to collateral relief where he knew of his right). Accordingly, Silvers is not entitled to relief on this claim.

### C. Denial of 500-hour drug treatment program

To the extent Silvers complains about the BOP's refusal to place him in the 500-hour drug treatment program as recommended by the Court, he is not entitled to relief as this claim does not allege an error in either his conviction or the sentence and fails to state a basis for relief. Although the Court recommended participation in the BOP's 500-hour program, the BOP determines a defendant's eligibility for drug treatment programs depending on factors including, but not limited to appropriations and the defendant's release date. 18 U.S.C. § 3621(e). This issue is within the discretion of the BOP. Any complaint about the manner of execution of the sentence by the BOP is properly addressed in a § 2241 proceeding, not a § 2255 proceeding. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). Thus, this claim is not cognizable in this § 2255 action.

Furthermore, the Court notes the Bureau of Prisons has an administrative remedy procedure which allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement[,]" 28 C.F.R. § 542.10, and it does not appear Silvers has exhausted his administrative remedies. *See also* 28 C.F.R. §§ 542.13 to 542.15. Silvers must complete the four-step administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal Bureau of Prisons. Finally, if the

prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel. After exhausting his administrative remedies, if he is not satisfied with the Bureau of Prisons' resolution of the claim, Silvers may then file a petition pursuant to 28 U.S.C. § 2241. *See* 28 CFR §§ 542.10-16. It appears Silvers began this process but stopped once he received a response to this informal resolution attempt.

Accordingly, Silvers is not entitled to any relief regarding his claim the BOP failed to place him in the 500-hour substance abuse treatment program.

## V. Conclusion

Silvers is not entitled to relief under § 2255 and his motion to vacate, set aside, or correct his sentence will be **DENIED** (Criminal Court File No. 54). This action will be **DISMISSED**.

In addition to the above, this Court **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore this Court will **DENY** Silvers' leave to proceed *in forma pauperis* on appeal. Rule 24 of the Federal Rules of Appellate Procedure. Silvers has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure, or reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability **SHALL NOT ISSUE**. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

An appropriate judgment order will enter **DENYING** Silvers § 2255 motion.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**